UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
JOE HAND PRODUCTIONS, INC.,                                 :
                                                            :  **MEMORANDUM DECISION**
                                    Plaintiff,              :  **AND ORDER**
                                                            :
            - against -                                     :  22-cv-5312 (BMC)
                                                            :
BEERBERRY CORP., d/b/a Tap Beer, and                        :
Dmitriy Nechiporenko,                                       :
                                                            :
                                    Defendants.             :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is an action for the recovery of statutory and enhanced statutory damages under the Communications Act of 1934, 47 U.S.C. § 605, for the theft of a satellite TV signal. Defendants have defaulted, and the Clerk has noted their default upon the docket pursuant to Federal Rule of Civil Procedure 55(a). Before me is plaintiff's motion for entry of default judgment under Rule 55(b). The motion is granted.

## BACKGROUND

The following facts are taken from the complaint and the affidavits submitted with plaintiff's motion. Plaintiff is a distributor of sports and entertainment programming. It had purchased the commercial distribution rights to the "Ultimate Fighting Championship® 242: Khabib Nurmagomedov v. Dustin Poirier" (the "Program"). Establishments that contracted with plaintiff to broadcast the Program were provided with electronic decoding equipment and satellite coordinates necessary to receive and unscramble the signal.

Defendants never contracted with or obtained permission from plaintiff to broadcast the Program. Plaintiff had an investigator in attendance at defendants' bar on the night of the broadcast. He reported a capacity for about 100 customers, each paying a $20.00 cover charge.

For an establishment with that number of patrons, the usual license fee that plaintiff charges is $1095.

## DISCUSSION

As an initial matter, "[o]nce default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." J & J Sports Prods., Inc. v. Bimber, No. 07-cv-590S, 2008 WL 2074083, at *1 (W.D.N.Y. May 14, 2008). However, "where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)). Although the court can conduct an inquest as to damages, that is not necessary where the damages are ascertainable from the proof that the plaintiff has submitted or where statutory damages are sought. See, e.g., Quesada v. Hong Kong Kitchen Inc., No. 20-cv-5639, 2021 WL 861800, at *1 (E.D.N.Y. March 8, 2021).

When a defendant has engaged in certain unauthorized publications or use of communications in violation of 47 U.S.C. § 605, "the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation." § 605(e)(3)(C)(i)(I). As an alternative to actual damages, however, the party aggrieved "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II). In addition, the statute permits enhanced damages of up to $100,000 if the defendant's theft of the signal was willful "and for purposes of direct or indirect commercial advantage or private financial gain." § 605(e)(3)(c)(ii).

Plaintiff has elected to seek statutory and enhanced damages. When the actual damages suffered by the plaintiff and the profits realized by the defendant are not "ascertainable with precision," an award of statutory damages is appropriate. TWC Cable Partners v. Multipurpose

Elecs. Int'l, Inc., No. 97-cv-2568, 1997 WL 833471, at *1 (E.D.N.Y. Oct. 6, 1997). Plaintiff's basis for statutory damages is based on what it would have received if defendant had properly licensed the event, without regard to the defendants' profits. This element of damages is not "ascertainable with precision"; therefore, an award of statutory damages is appropriate.

Plaintiff has submitted evidence that the licensing fee would have been $1095. The evidence is sufficient to support that award. According to its posted rates, plaintiff would have charged defendants that amount if defendants had not stolen the signal.

Plaintiff also requests enhanced damages of $15,000 out of a statutory maximum of $100,000. This kind of signal theft is virtually always willful, as plaintiff notes. See J & J Sports Prods., Inc. v. Hot Shots, Inc., No. 09-cv-1884, 2010 WL 3522809, at *2 (E.D.N.Y. April 27, 2010), report and recommendation adopted, 2010 WL 3523003 (E.D.N.Y. Sept. 2, 2010). Willfulness is further indicated here by defendants' default and collection of a cover charge. See id. Fifteen thousand dollars, for what appears to be a small establishment, in addition to statutory damages of $1,095, should be adequate to deter defendants and others from stealing signals in the future.

That amount is also recoverable against the individual defendant, Dmitriy Nechiporenko, jointly and severally, pursuant to 47 U.S.C. § 605. Nechiporenko personally holds the liquor license for the bar that is co-defendant in this action. He also has held himself out as its owner and active operator in other ways. Specifically, The New York State Assemblyman for this district is Steven H. Cymbrowitz (A.D. 45). Assemblyman Cymbrowitz posed for a picture in his seasonal newsletter with Nechiporenko inside the bar. In that newsletter, Assemblyman Cymbrowitz touted his efforts to have a "foul smelling catch basin cleared" so that Nechiporenko could open the bar. In the background of the picture, one can clearly see the multiple television

screens used to attract customers to sporting events and, as this case shows, make money off stealing signals. (Perhaps Assemblyman Cymbrowitz should have a talk with Mr. Nechiporenko about running his bar legitimately before he does him any more favors.) And in addition to all that, Nechiporenko's Facebook page contains a message from him proclaiming "WE ARE OPEN! NEW TAP BEER) [sic] 1781 SHEEPSHEAD BAY ROAD. WELCOME EVERYBODY))) [sic]." That is more than sufficient to impose joint and several liability under 47 U.S.C. § 605.

Finally, 47 U.S.C. § 605(e)(3)(B)(iii) mandates that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff is seeking $1095 in attorneys' fees and $544.50 in costs. The rates plaintiff seeks are a little high for this kind of case but the timeslips show that the work was done efficiently. The $1680 fee is more than reasonable for a case like this and that fee, plus the claimed costs, are allowed.

## CONCLUSION

Plaintiff's motion for a default judgment [9] is granted. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $16,639.50.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 20, 2022

4